(No. 81-CC-229⬛⬛⬛⬛⬛⬛

*In re* APPLICATION OF MARGARET WATSON.

*Opinion filed April 12, 1984.*

*Order on denial of petition for rehearing filed July 11, 1984.*

MICHAEL B. MCCLELLAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The Claimant seeks an award as the statutory beneficiary of Police Officer Curtis Watson pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereinafter, the Act). Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*

The Court has carefully considered the application for benefits and documents submitted in support thereof, a written statement of the decedent's supervising officer, a report by the Illinois Attorney General's Office, an evidence deposition, and a commissioner's report submitted following the filing of a joint stipulation in which both parties agreed to submit the matter to the Court on evidence depositions to be filed with the Court. It was also agreed in the stipulation that briefs were to be waived.

The record shows that the decedent, Curtis Watson, was involved with the arrest of a knife-wielding woman on April 4, 1980, and that in the ensuing struggle to subdue the suspect, he was cut on the finger. Immediately after the arrest he was treated at Mercy Hospital in Champaign, Illinois, and found to have high blood pressure in addition to the finger injury. On April 25, 1980, he collapsed while on duty at 11:01 p.m. and was

declared dead at 12:16 a.m. on April 26, 1980. The cause of death was "Acute Cardiac Failure" due to "Interstitial Myocarditis" (inflammation of the heart muscle).

In order to recover under the Act it must be shown that the officer was killed in the line of duty as defined by the Act. Section 2(e) of the Act provides, in relevant part, that " 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer * * * if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

The evidence deposition of Dr. Jose Racquel shows that he thought there was a possibility that an infection caused by the knife wound brought on the heart attack; however, he stated he could not be sure this is what happened and could not be sure that the incident of April 4, 1980, was the cause. Neither could the coroner nor the pathologist, in their reports, state with any certainty what caused the inflammation of the heart and the resulting heart attack.

While the death of Officer Watson was certainly unfortunate, we find that the Claimant has failed to show that Officer Watson was killed in the line of duty as required by the Act. It has not been proven that he lost his life as a result of injury received in the active performance of duties as a law enforcement officer because a causal connection has not been adequately shown between the incident of April 4, 1980, and the decedent's death on April 26, 1980. Therefore, this claim must be denied.

It is hereby ordered that this claim be, and hereby is, denied.

# ORDER ON DENIAL OF PETITION
# FOR REHEARING

ROE, C.J.

This cause is before the Court on Claimant's petition for rehearing.

In an opinion dated April 12, 1984, this Court determined that the Claimant was not entitled to compensation pursuant to the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*) (hereinafter referred to as the Act), because she had failed to show that the decedent was killed in the line of duty as required by section 2(e) of the Act. The Claimant contends in her petition for rehearing that we overlooked certain evidence in reaching our decision to deny compensation.

We disagree with the Claimant's contention. All of the evidence which the Court supposedly overlooked was considered in reaching our decision to deny compensation. Since the petition for rehearing fails to state any points overlooked or misapprehended by the Court, the petition must be denied.

It is hereby ordered that Claimant's petition for rehearing be, and hereby is, denied.